CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKo

FEB 18 2010

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL AKOS MORVA, <br> Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:09-cv-00439 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| WESTERN VA REGIONAL JAIL, <br> Defendant. | ) <br> ) <br> ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Plaintiff Michael Akos Morva, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff alleges that the defendant, the Western Virginia Regional Jail ("Jail"), is liable for its deputy's use of excessive force against him. Plaintiff requests $5,000 and that the deputy not have physical contact with him. This matter is before me for screening, pursuant to 28 U.S.C. §§ 1915 and 1915A. After reviewing the record, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

After the court ordered plaintiff to complete his application to proceed in forma pauperis, plaintiff, on his own initiative, filed a motion to amend the complaint to increase his requested damages from $5,000 to $50,000. Pursuant to Federal Rule of Civil Procedure 15(a), I grant this request.

After plaintiff completed the requirements to proceed in forma pauperis, the court advised plaintiff that he failed to state a claim upon which relief may be granted and that § 1983 liability can be imposed on a "person acting under color of state law." The court permitted plaintiff fifteen days to amend his complaint to name a person who deprived him of his constitutional rights. The court advised him that failing to respond within the allotted time may result in

dismissal of the action for failing to state a claim, and plaintiff did not respond to the conditional filing order requesting an amendment. Therefore, I proceed to screen the original complaint.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act

as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, the Eleventh Amendment of the United States Constitution restricts federal judicial power; a state may not be sued in federal court for violating either state or federal law unless Congress specifically so provides or the state consents to the suit. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98-100 (1984). The Eleventh Amendment also bars claims against any party where the state is the real party in interest. Id. at 101. In accordance with the Eleventh Amendment, I adopt the reasoning and holding of McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893 (E.D. Va. April 13, 1992), which held that the degree of state involvement in the administration of local and regional jails in Virginia mandates that local and regional jails be considered arms of the state. Furthermore, Congress has not made an applicable exception and the Commonwealth of Virginia has not consented to § 1983 liability. Therefore, plaintiff demands money from an entity that is immune from § 1983 damages.

To succeed on a request for injunctive relief, plaintiff must establish "(1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships

between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006). Plaintiff fails to establish an irreparable injury or how preventing a deputy, who is responsible for supervising inmates, from managing a specific inmate is in the public's interest. See Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co., 22 F.3d 546, 551 (4th Cir. 1994) (discussing irreparable injury). Furthermore, involving a federal court in the day-to-day administration of a jail by creating a complex system of rules consisting of which deputy may manage which inmate is a tact the judiciary disapproves of taking. See, e.g., Bell v. Wolfish, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials"). Moreover, plaintiff has a remedy available at law via a damages suit against a person who acted in an individual capacity and violated his constitutional rights. Similarly, the balance of the hardships clearly favors the Jail to prevent a complex set of rules to regulate contact between a deputy and an inmate based on an accusation of excessive force. Accordingly, plaintiff seeks damages from an immune defendant and does not qualify for equitable relief, and I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying

order to the plaintiff.

**ENTER**: This 18th day of February, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge